IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | ) ) | CV. NO. 11-00047 JMS-BMK |
|---|---|---|
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION THAT DEFENDANT'S MOTIONS FOR ATTORNEYS' FEES AND COSTS BE DENIED |
| vs. | ) ) ) | |
| M. F. by and through her Parents R.F. and W. F. | ) ) ) | |
| Defendant. | ) ) ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT DEFENDANT'S MOTIONS
FOR ATTORNEYS' FEES AND COSTS BE DENIED

Before the Court is Defendant M.F., by and through her Parents R.F. and W.F.'s Motion For Fees and Related Nontaxable Expenses (Doc. # 58) and Bill of Costs (Doc. # 70.) After careful consideration of the motions, the supporting and opposing memoranda, and the attached documentation, the Court FINDS and RECOMMENDS that Defendant's motions for fees and costs be DENIED.[1]

BACKGROUND

---

[1] Pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court elects to decide this matter without a hearing.

This Individuals with Disabilities Education Act ("IDEA") action stems from Plaintiff State of Hawaii Department of Education's ("the DOE") provision of education to M.F. In May of 2008, the DOE had an individualized education program ("IEP") in place for M.F. ("May 2008 IEP"). (Doc. # 53 at 4.) M.F. did not object to that IEP. In July of 2008, M.F. withdrew from public school in favor of Variety School, a private school. (Id. at 5.) The May 2008 IEP expired, and the DOE sent notices to M.F.'s parents indicating that M.F. had a right to a free appropriate public education ("FAPE") and that they should contact the DOE if they want special education services. (Id. at 6.) The DOE did not prepare another IEP for M.F. for the 2008-2009 or 2009-2010 school years. (Id. at 6.) In November 2009, M.F.'s parents requested special education from the DOE. (Id. at 10.) The DOE performed evaluations, and prepared a February 2010 IEP, which placed M.F. at an intensive learning center ("ILC") but did not allow participation with non-disabled peers. (Id.) The parents disagreed with M.F.'s placement and wanted M.F. to remain at the private school she attended at that time, Loveland Academy ("Loveland"). (Id. at 11.)

M.F. filed a Request for Impartial Due Process on April 6, 2010, challenging both IEPs. (Id. at 14.) On July 27, 2010, M.F. filed a motion for partial summary judgment with the Hearings Officer, asserting that the DOE

violated the IDEA by failing to have an IEP in place after the May 2008 IEP had lapsed. (Id. at 14-15.) On July 30, 2010, M.F. filed a second request for a due process hearing challenging the DOE's offer of placement in the February 2010 IEP. (Id. at 15.) Both requests were consolidated. (Id. at 16.) On August 26, 2010, the Hearings Officer granted M.F.'s motion for summary judgment, concluding that the DOE violated the IDEA by failing to have an IEP in place by the 2009-2010 school year and by failing to review M.F.'s May 2008 IEP annually. (Id.) The Hearings Officer concluded that these violations of the IDEA denied M.F. a FAPE. (Id. at 17.)

After a hearing, the Hearings Officer issued a decision determining that the February 2010 IEP's placement at an ILC was inappropriate. (Id. at 18.) The decision incorporated the summary judgment order, and "thus began with M.F. having already established that the DOE had 'denied Student a FAPE' for [school year] 2009-2010 'by failing to have an IEP in place' and 'by failing to conduct an annual review' of the May 2008 IEP." (Id. at 17.) The Hearings Officer concluded that: (1) "Loveland was an appropriate placement for M.F. prior to February 11, 2010; (2) the February 2010 IEP offered an appropriate 'program' (in terms of thirty minutes of physical and occupational therapy a semester, and with speech services provided in a regular classroom setting); but (3) the State's offer of

placement at an ILC was inappropriate because it 'did not meet [M.F.'s] needs for interaction with nondisabled peers and socialization opportunities'; and (4) Loveland was an appropriate then-current placement." (Id. at 18.) The Hearings Officer awarded reimbursement, and compensatory education for the 2011-2012 school year. (Id. at 19.)

The DOE appealed the Hearings Officer's decision, and M.F. removed the action to this Court and filed a motion for partial summary judgment seeking stay put relief under 20 U.S.C. § 1415(j). (Id. at 19.) The motion for stay put relief was deemed moot because the DOE did not contest that it owed such relief, but disputed the amount it owed. (Id. at 19-20; Doc. # 17.) On July 14, 2011, the DOE paid Loveland the amounts it believed it owed. (Doc. # 53 at 20.) Arguing that the amount was insufficient, M.F. filed a second motion for stay put relief. (Id.; Doc. # 24.) After a hearing, District Judge J. Michael Seabright issued an order concluding that: 1) the Hearings Officer erred by determining that the DOE's failure to have an IEP in place after May 2008 denied M.F. a FAPE, because the Hearings Officer failed to address whether the DOE's procedural violations resulted in the loss of an educational opportunity; 2) the Hearings Officer erred by awarding reimbursement and compensatory education for the DOE's failure to have an IEP in place in May of 2008 without considering the parents' failure to

challenge the May 2008 IEP and to provide prior written notice of withdrawal; and 3) the Hearings Officer correctly concluded that the February 2010 IEP offered an inappropriate placement, and that Loveland was an appropriate placement. The Court vacated the Hearings Officer's award of reimbursement and compensatory education to the extent they arose from the Hearings Officer's summary judgment decision. (Doc. # 53 at 45-46.) The Court vacated the remaining relief because it was unclear whether those awards were based on May 2008 IEP. (Id. at 46.) The Court concluded that it was unclear whether the Hearings Officer meant to find that the February 2010 IEP's inappropriate placement was a stand alone denial of FAPE "separate and divorced from those based solely on procedural violations." (Id.) Without resolving that question, the Court could not apportion the award and remanded the question to the Hearings Officer for clarification. (Id. at 48-49.)

With respect to stay put, the DOE did not dispute that it could not change M.F.'s placement during the pendency of these proceedings. (Id. at 54.) M.F. asserted that the DOE was required to pay for Loveland starting in December 2009. The Court concluded that stay put began on the date of the Hearings Officer's decision in November 2010. (Id. at 56.) The DOE also asserted that it should not have to pay Loveland for direct speech or physical therapy services because the Hearings Officer found that those services were not necessary. (Id. at

5

58.) The Court remanded the matter back to the Hearings Officer to determine: 1) whether M.F. received services that the Hearings Officer found were not necessary; and 2) whether it is possible to segregate payment for the occupational/physical therapy and speech/language services from its otherwise integrated program. (Id. at 63.)

M.F. filed a motion for reconsideration, which was denied. (Doc. # 69.) The Court later granted the DOE's motion to set aside judgment, and stayed the case pending the administrative proceedings. (Doc. # 83.)

DISCUSSION

The Court concludes that M.F.'s motion for attorneys' fees and bill of costs are premature. The IDEA permits the award of attorneys' fees to a prevailing party. 20 U.S.C. § 1415(i)(3)(B). The Ninth Circuit has defined a prevailing party as "a party which 'succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.'" Parents of Student W. v. Puyallup Sch. Dist. No. 3, 31 F.3d 1489, 1498 (9th Cir. 1994) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). "The success must materially alter the parties' legal relationship, cannot be de minimis and must be causally linked to the litigation brought." Van Duyn ex rel. Van Duyn v. Baker School Dist. 5J, 502 F.3d 811, 825 (9th Cir. 2007). A prevailing party is also entitled to litigation costs.

See Fed. R. Civ. Proc. Rule 54(d)(1); see also Local Rule 54.2(a).

The Court concludes that the motions for fees and costs are premature with respect to the May 2008 and February 2010 IEPs because M.F. has not prevailed on these issues. The Court has not granted any of the relief M.F. sought with respect to those issues. Although the Court affirmed the Hearings Officer's finding that the DOE did not adhere to the IDEA's procedural requirements regarding the May 2008 IEP, it ultimately remanded the action for a determination of whether those violations resulted in a denial of FAPE. (Doc. # 53 at 37-40.) Additionally, the Hearings Officer's conclusion that the February 2010 IEP's placement at an ILC was inappropriate was remanded to determine whether the February 2010 IEP denied M.F. a FAPE. (Id. at 46.) In short, M.F. has not prevailed on the merits yet.

Additionally, although M.F. obtained stay-put relief in this Court, the DOE conceded it was obligated to maintain M.F.'s placement from the time the Hearings Officer issued the decision. (Id. at 54-55.) M.F. asserted that she was entitled to stay put relief beginning in December 2009 or February 2010, and that the DOE could not unilaterally reduce the amount of stay put for "unapproved services." The Court held that the stay put period began when the Hearings Officer issued the decision, and remanded the issue of the reduction of stay put services

back to the Hearings Officer. (Id. at 57, 63.) M.F. did not prevail on the disputed issues regarding stay put relief, and therefore is not a prevailing party on those grounds.

Finally, M.F. claims that her motion for summary judgment regarding stay put relief prompted the DOE to pay some of the Loveland tuition. (Doc. # 66 at 17; Mem. in Supp. of Mtn. for Fees at 8 n.2.) This does not make M.F. a prevailing party because the DOE did not dispute that it was required to pay for stay put. (Doc. # 53 at 19-20.) Additionally, the stay put relief was temporary, and other federal courts have held that a party prevailing solely on stay put relief is not entitled to fees and costs. Board of Educ. of Oak Park v. Nathan R., ex rel. Richard R., 199 F.3d 377, 382 (7th Cir. 2000) ("Indeed, we also have stated explicitly that invocation of the stay-put provision of the IDEA does not entitle the party to attorneys' fees."); Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L., 89 F.3d 464, 469 (7th Cir. 1996) ("The law does not view Andrew's parents as a prevailing party under § 1415(e)(4)(B) because their only ultimate victory under the IDEA is the invocation of the stay-put provision."). Therefore, the Court FINDS and RECOMMENDS that M.F.'s motions for attorneys' fees and costs be DENIED because they are premature.

CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS that Defendant's motion for attorneys' fees and costs and bill of costs be DENIED. Any objections to these Findings and Recommendations shall be filed in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

DATED: Honolulu, Hawaii, May 31, 2012.

IT IS SO FOUND AND RECOMMENDED.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Dept. of Education, State of Hawaii v. M.F.; Civ. No. 11-00047 JMS-BMK; FINDINGS AND RECOMMENDATION THAT DEFENDANT'S MOTIONS FOR ATTORNEYS' FEES AND COSTS BE DENIED

9